# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL


Honorable Frank B. Lloyd
District Attorney
Alice, Texas


Dear Mr. Lloyd:

Opinion No. 0-3976
Re: Whether the law prohibits
a person from holding or
exercising at the same time
the office of county com-
missioner and of member of
the Livestock Sanitary Com-
mission of Texas?


We beg to acknowledge receipt of your letter of inquiry of date May 20, 1941, as follows, to-wit:

"* * * I shall be grateful, therefore, if you will advise me whether the law prohibits a person from holding or exercising, at the same time, the office of County Commissioner and that of a Member of the Livestock Sanitary Commission of Texas. * * *"

Section 40 of Article XVI of the Constitution declares that:

"No person shall hold or exercise at the same time more than one civil office of emolu-ment, except that of Justice of Peace, County Commissioner, Notary Public and Postmaster, * * *"

Honorable Frank B. Lloyd, page 2

The office of County Commissioner being specially excepted in this Section the case stated by you does not come within the prohibition thereof.

There is, however, another prohibition against dual office holding predicated upon the incompatibility of the respective offices, whether such offices come within the express prohibition of law or not. The prohibition of such dual office holding with respect to incompatible offices is grounded upon the soundest public policy and is well established in the decisions of this State. See Biencourt v. Parker, 27 Tex. 558; State v. Brinkerhoff, 66 Tex. 45; Thomas v. Abernathy County Line Independent School District, 290 S. W. 152; State v. Martin, 51 S. W. (2d) 815. See also our Opinion No. 0-2640 wherein we advised upon the authority of such decisions that the offices of Justice of the Peace and County Commissioner were incompatible in this, that the Commissioners' Court is required by law to approve the accounts of Justices of the Peace for fees in criminal actions.

A careful reading of the tick eradication law,(H. B. No. 77, Ch. 53, First Called Session, 41st Legislature) convinces us that the duties of the Livestock Sanitary Commission members and of the members of the Commissioners' Court are incompatible in this, that by Section 5 of that Act (and elsewhere therein) the Livestock Sanitary Commission is given broad powers with respect to the exercise of which there is imposed upon the Commissioners' Court of any county affected thereby the duty of complying and cooperating to the extent of constructing or supplying all necessary facilities for the purpose of dipping cattle, horses, mules, jacks and jennets under the supervision of the Inspectors of the Livestock Sanitary Commission, such facilities to be furnished at the expense of the County.

The law thus prescribing the respective duties of members of the Sanitary Commission and the County Commissioners - the one being primary and paramount, the other being secondary and subordinate - necessarily creates an incompatibility that

Honorable Frank B. Lloyd, page 3


would forbid one person holding and exercising both offices at the same time.

From these considerations it follows that your inquiry should be answered in the affirmative.

Yours very truly,

APPROVED MAY 29, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS:KP

